IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RISING MICRO, LLC )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EXXON MOBIL OIL CORPORATION )<br>)<br>Defendant. )<br>) | Civil Action No. 1:06-cv-00572-GK |

**DEFENDANT EXXON MOBIL OIL CORPORATION'S ANSWER TO
VERIFIED COMPLAINT AND COUNTERCLAIM**

Defendant Exxon Mobil Oil Corporation ("ExxonMobil") hereby submits its answer to the Verified Complaint ("complaint") of plaintiff Rising Micro, LLC ("Rising Micro"). Unless specifically admitted below, ExxonMobil denies each and every allegation in the complaint.

1. ExxonMobil admits that Rising Micro purports to bring its case under the Petroleum Marketing Practices Act ("PMPA") (15 U.S.C. §§ 2801-2805), but denies that any act or omission of ExxonMobil is in violation of that statute or that this action is properly based on alleged violations of that statute. ExxonMobil also admits that the PMPA invests jurisdiction in United States District Courts to determine claims under that statute, but denies that any act or omission of ExxonMobil has been or is in violation of the PMPA or that this action is properly based on alleged violations of the PMPA. ExxonMobil denies each and every allegation in the final sentence of paragraph 1 of the complaint.

2. ExxonMobil admits that venue is proper in the United States District Court for the District of Columbia.

3. ExxonMobil admits that Rising Micro is a limited liability company organized in Virginia, but ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the allegation that Rising Micro is qualified to do business in the District of Columbia. ExxonMobil further admits that Rising Micro operated a PMPA motor fuel franchise, convenience store and car wash at 950 South Capitol Street, S.E. in Washington, D.C. and that this franchise is sometimes referred to as Capitol Exxon. ExxonMobil further admits that Mahmud Rashid owns 100% of the membership interest in Rising Micro. ExxonMobil is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 3 of the complaint.

4. ExxonMobil admits that Exxon Mobil Oil Corporation is a wholly owned subsidiary of Exxon Mobil Corporation, a New Jersey corporation with its principal place of business in Fairfax, Virginia and that ExxonMobil is an international refiner and marketer of petroleum products. ExxonMobil further admits that motor fuel is marketed in the District of Columbia by contracting with independent franchise dealers, who agree to purchase Exxon branded motor fuel from ExxonMobil for resale to the public under the "Exxon" trademark. ExxonMobil further admits that Rising Micro was an Exxon franchise dealer that operated a PMPA motor fuel franchise at 950 South Capitol Street, S.E. in Washington, D.C. ExxonMobil denies each and every remaining allegation in paragraph 4 of the complaint.

5. ExxonMobil admits that Rising Micro purchased the business of Capitol Exxon from its former owner but denies the remaining allegations in the first sentence of paragraph 5 of the complaint. ExxonMobil admits the remaining allegations in paragraph 5 of the complaint.

6. ExxonMobil admits the allegations in paragraph 6 of the complaint.

7. ExxonMobil admits that a search warrant was executed at the D.C. station in February 2004 but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 7 of the complaint. ExxonMobil also admits that an ExxonMobil representative was present at the station when the search warrant was executed. ExxonMobil further admits that it learned that Rising Micro was being investigated with respect to alleged double-billed credit card transactions. ExxonMobil denies that it was "fully aware" of that investigation, in that (i) ExxonMobil was not conducting the investigation; (ii) ExxonMobil had no knowledge of what was collected as a result of the execution of the search warrant; and (iii) ExxonMobil had no knowledge of the progress or status of the investigation.

8. Based on the documentation attached to the complaint as Exhibit B, ExxonMobil admits that Rising Micro contracted with Butler Capital Corporation for the lease and installation of car wash equipment at the D.C. station. ExxonMobil also admits that Mahmud Rashid and his wife, Flora Rashid personally guaranteed the rental payments under the lease. ExxonMobil further admits that, under the terms of the lease, Rising Micro's lease payments were initially $2,011.15 per month but later reduced to $1,923.27 per month. ExxonMobil denies the remaining allegations in paragraph 8 of the complaint.

9. ExxonMobil admits that Rising Micro has attached documents to its complaint as Exhibit C and Exhibit D that appear to be letters and certificates sent by third parties to Rising Micro. ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 of the complaint.

10. ExxonMobil admits that, on January 17, 2006, Mahmud Rashid entered a plea of guilty in the United States District Court for the District of Columbia to wire fraud, in violation of 18 U.S.C. § 1343. ExxonMobil further admits that sentencing was originally scheduled for June 6, 2006 before the Honorable Richard J. Leon, but on information and belief, ExxonMobil understands that sentencing to have been re-scheduled for August 2006.

11. ExxonMobil admits the allegations in paragraph 11 of the complaint.

12. ExxonMobil incorporates by reference the answers set forth in paragraphs 1-11 as if fully set forth herein.

13. ExxonMobil admits the allegations in paragraph 13 of the complaint.

14. ExxonMobil admits the allegations in paragraph 14 of the complaint.

15. With respect to paragraph 15 of the complaint, ExxonMobil denies each and every allegation in the prefatory sentence of paragraph 15 of the complaint, and

   a. ExxonMobil denies each and every allegation in paragraph 15(a) of the complaint.

   b. ExxonMobil denies each and every allegation in paragraph 15(b) of the complaint.

   c. ExxonMobil denies each and every allegation in paragraph 15(c) of the complaint.

   d. ExxonMobil denies each and every allegation in paragraph 15(d) of the complaint.

   e. ExxonMobil denies each and every allegation in paragraph 15(e) of the complaint.

   f. ExxonMobil denies each and every allegation in paragraph 15(f) of the complaint.

      g.    ExxonMobil denies each and every allegation in paragraph 15(g) of the complaint.

16.    ExxonMobil denies each and every allegation in paragraph 16 of the complaint.

17.    ExxonMobil denies that Rising Micro will suffer irreparable harm if ExxonMobil terminates Rising Micro's franchise and franchise relationship with ExxonMobil. ExxonMobil is without knowledge or information sufficient to form a belief as to the truth of the second sentence of paragraph 17 of the complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

The complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Rising Micro's claim is barred, in whole or in part, by the doctrines of estoppel, waiver and unclean hands.

### Third Affirmative Defense

ExxonMobil's conduct and actions were lawful, reasonable and proper, and were taken with complete business justification.

### Fourth Affirmative Defense

The claim and request for relief is barred by the express terms of the PMPA Franchise Agreement, Lease and other supplemental agreements between ExxonMobil and Rising Micro.

WHEREFORE, having fully answered, ExxonMobil states that Rising Micro is not entitled to the relief prayed for in its complaint or any other relief, and that the complaint should be dismissed with prejudice, with costs and reasonable attorney's fees awarded to ExxonMobil.

## COUNTERCLAIM

Counterclaimant Exxon Mobil Oil Corporation ("ExxonMobil") brings this counterclaim for eviction against counterdefendant Rising Micro, LLC ("Rising Micro"), complaining and alleging as follows:

### JURISDICTION

1. This claim is for eviction. This Court has subject matter jurisdiction under the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 *et seq.*, 28 U.S.C. § 1331 and 1337, and 28 U.S.C. § 1367.

2. Rising Micro is found and transacts business in this District; the acts alleged herein occurred in this District; and the claim and cause of action alleged herein arose in this District. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 *et seq.*

### PARTIES

3. ExxonMobil is a wholly owned subsidiary of Exxon Mobil Corporation, a New Jersey corporation with its principal place of business in Fairfax, Virginia. ExxonMobil is engaged in the marketing and distribution of petroleum products, including motor fuel, in Washington, D.C. and elsewhere in the United States. Among its activities, ExxonMobil leases retail service station premises to franchise dealers and sells motor fuel and other products to such dealers.

4. Counterdefendant Rising Micro, a Virginia limited liability company, operated an Exxon-brand service station at 950 South Capitol Street, S.E., Washington, D.C. Mahmud Rashid has been president of Rising Micro at all times relevant hereto.

### NATURE OF CONTROVERSY

5. On October 29, 2003, ExxonMobil and Rising Micro entered into a PMPA Franchise Agreement ("Franchise Agreement") with respect to the Exxon-brand service

station at 950 South Capitol Street, S.E., Washington, D.C. ("D.C. station"), for a three-year term commencing on February 1, 2004 and ending February 1, 2007. Under the Franchise Agreement, Rising Micro operated the D.C. station as an Exxon franchise dealer, purchasing Exxon-branded gasoline from ExxonMobil for resale to the general public for consumption.

6. At the same time that the parties executed the Franchise Agreement, ExxonMobil and Rising Micro also entered into various other supplemental agreements related to the operation of the D.C. station. One of those agreements was entitled Company Owned Dealer Operated ("CODO") Lease Provisions to PMPA Franchise Agreement ("Lease"). The Lease governs Rising Micro's use of the ExxonMobil-owned property and equipment (*i.e.*, the D.C. station), as well as the rental fee paid to ExxonMobil. A copy of the Lease is attached hereto as Exhibit A.

7. The Franchise Agreement and Lease established a franchise relationship between ExxonMobil and Rising Micro, within the meaning of the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 *et seq.*

8. Both the Franchise Agreement and the Lease specify grounds for their termination before February 1, 2007.

9. By letter dated March 14, 2006 ("Termination Notice"), ExxonMobil delivered written notice to Rising Micro that ExxonMobil was terminating Rising Micro's "Franchise Agreement, franchise and franchise relationship . . . along with all related supplemental agreements, effective March 29, 2006."

10. Rising Micro filed its verified complaint, initiating this action, and moved for a temporary restraining order and preliminary injunction.

11. ExxonMobil subsequently extended the effective date of termination to April 19, 2006, and thereafter extended the effective date of termination to May 2, 2006,

the day after the scheduled May 1 hearing on Rising Micro's motion for preliminary injunction.

13. On May 1, 2006, the Court (Honorable Gladys Kessler) held a hearing on Rising Micro's motion. At the conclusion of the hearing, the Court ordered that the parties preserve the status quo until a decision on the motion had been issued. To effectuate that order, ExxonMobil informed Rising Micro that the effective date of termination would be extended to the day after the Court ruled on the motion.

13. On May 3, 2006, the Court issued its Memorandum Opinion and Order regarding Rising Micro's motion. The Court denied Rising Micro's motion for preliminary injunction in its entirety. By virtue of that ruling, May 4 therefore became the effective date of termination.

## COUNT I – EVICTION

14. ExxonMobil repeats and realleges the allegations of paragraphs 1 through 13 of its counterclaim as if fully set forth herein.

15. Section 15.1 of the Franchise Agreement provides that upon termination of the Franchise Agreement, "all related and supplemental agreements terminate. Similarly, Section 10.1 of the Lease provides that any termination of the Franchise Agreement will "automatically operate to terminate this Lease."

16. By virtue of the Court's May 3 Order, ExxonMobil's termination of the Franchise Agreement between ExxonMobil and Rising Micro became effective on May 4. Because the termination of the Franchise Agreement is now effective, the termination of the Lease between ExxonMobil and Rising Micro also is now effective as of May 4.

17. Section 3.5(a) of the Lease entered into between ExxonMobil and Rising Micro specifies that, upon its termination, Rising Micro "immediately shall surrender the Marketing Premises [D.C. station] to ExxonMobil in good order and condition."

Therefore, as of May 4, Rising Micro was required to surrender the property at 950 South Capitol St., S.E., Washington, D.C. to ExxonMobil in good order and condition. Likewise, as of May 4, ExxonMobil was entitled to possess the property at 950 South Capitol St., S.E., Washington, D.C.

18.     Notwithstanding the express provisions of the Franchise Agreement and Lease, as well as the Court's May 3 Order, Rising Micro continues to maintain possession of the D.C. station and refuses to surrender possession of the premises to ExxonMobil.

WHEREFORE, counterclaimant ExxonMobil prays for judgment as follows:

A.     That this Court, as authorized by the Petroleum Marketing Practices Act and applicable state law, enjoin Rising Micro, and all of its officers, directors, agents and employees, and all persons acting for or on behalf of Rising Micro, from continuing to occupy and refusing to vacate the premises at 950 South Capitol St., S.E., Washington, D.C.;

B.     That this Court enter judgment against Rising Micro for ExxonMobil's legal expenses, costs and reasonable attorney's fees incurred in this action; and

C.     That this Court grant such other and further relief as it deems appropriate.

Dated: May 5, 2006                                    Respectfully submitted,

                                               _____s/Brian A. Howie_____
                                               Brian A. Howie
                                               Bar No.: 459329
                                               HOWREY LLP
                                               1299 Pennsylvania Ave., N.W.
                                               Washington, D.C. 20004
                                               Telephone: (202) 783-0800
                                               Facsimile: (202) 383-6610

**Attorney for Defendant Exxon Mobil Oil Corporation**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

> Harry C. Storm
> Lerch, Early & Brewer, Chartered
> 3 Bethesda Metro Center, Suite 460
> Bethesda, MD  20814

s/Brian A. Howie
BRIAN A. HOWIE
